[Civ. No. 9282.   Third Dist.   Mar. 28, 1958.]

LYLE G. WILLIAMS, Appellant, v. JAMES B. RICE et al., Respondents.

14

Whitwell & Carpenter for Appellant.

Wells & Baldwin for Respondents.

SCHOTTKY, J.—Lyle G. Williams, plaintiff above named, has appealed from a judgment declaring that he has no interest in certain real property.

In 1946 J. C. Janes and Juanita C. Janes entered into a contract to sell certain real property to Lyle G. Williams and his wife, Gladys I. Williams, for the sum of $2,235. The agreement provided that the Williamses would pay the amount due on the property, after a small down payment, at the rate of $20 per month. Later another parcel of land was added to the agreement and the payments were increased to $25 per month. The contract provided that no assignment would be valid without the written consent of the sellers. J. C. Janes died and Juanita Janes succeeded to his interest. Lyle Williams has succeeded to the interest of his wife.

In January, 1951, Williams entered into a contract of sale of the property for the sum of $4,000 with one Biddy James (now Biddy James McGeorge) and her husband. Shortly thereafter, on April 23, 1951, Mr. and Mrs. James signed an instrument purporting to assign all their interest in the Williams-James contract to James B. Rice. Williams consented to this assignment but the trial court found that James B. Rice did not.

On May 3, 1951, Williams executed an assignment stating

that he assigned and transferred to James B. Rice "that certain Agreement for the Sale of Real Property, and all my right, title, and interest in said real property, which said contract of sale is between the undersigned and Gladys Williams, buyers, and J. C. Janes and Juanita C. Janes, sellers, dated January 15, 1946." This assignment was assented to by Juanita C. Janes, and James B. Rice executed an acceptance of it in which he stated: "I, . . . do hereby accept said Assignment and do further agree to abide by all of the agreements and obligations of the original contract, and do hereby further agree to pay to said Juanita C. Janes the balance of $1438.27, due under said Agreement, upon the terms and conditions in said original Agreement contained."

Williams did not receive any money or property for this assignment. He had occupied the property for about five years during which time he had made substantial improvements on a house which was on the property. There was testimony that he had been delinquent in his payments at various times and was delinquent at the time of the assignment to James B. Rice. James B. Rice subsequently paid Mrs. Janes the balance due on the Williams-Janes contract and received a deed to the property. Mr. Rice later deeded the property to his son, John Rice.

Williams brought this suit to have the court declare his rights in the property in respect to the defendants James B. Rice, John Rice, and Biddy James, now known as Biddy James McGeorge. Williams asked that his title to the property be quieted. In a second cause of action he alleged that Rice was in default in the Williams-James contract of which Rice was allegedly the assignee; that the contract had been declared forfeited; that James Rice denied liability; and that the Rices had possession. Williams asked the court to restore him to possession. In a third cause of action Williams sought reformation of the Williams-James contract.

The trial court found that James Rice did not consent to the assignment from Biddy James and therefore was not liable to Williams on the instrument; that all of Williams' rights had been assigned to Rice and, therefore, Williams had no interest in the property. Williams was denied any relief. (Apparently a default was entered against Biddy James and she is not involved in this appeal.)

Williams contends that he assigned his interest in the Janes contract to James Rice under the belief that the James-Rice assignment was a valid instrument and that Rice was liable

under it and since he acted under a mistake of fact he should have been granted equitable relief. He also contends that in any event the court should have compensated him for the improvements he made on the property.

While it is true that equity can grant relief for unilateral mistake, we do not believe that the record in the instant case compels a conclusion that appellant is entitled to such relief. ''Equitable relief by way of rescission may be given if the mistake relates to a material feature of the contract, if it is of such grave consequence that enforcement of the contract as made will be unconscionable, if it occurred notwithstanding the exercise of ordinary diligence by the party making the mistake, and if the other party can be put *in statu quo*.'' (3 Pomeroy, Equity Jurisprudence, 5th ed., p. 388.)

While appellant may have believed that James Rice was liable under the James-Rice agreement, Rice could only be liable under that assignment if he accepted it and agreed to be bound by it and the court found upon sufficient evidence that Rice did not consent to it or agree to be bound by it. Thereafter, appellant assigned to James Rice all of appellant's interest in the property and in the original contract between himself and J. C. Janes and Juanita C. Janes, and in accepting said assignment James Rice agreed only to abide by the terms of the original contract but did not agree to complete any payments under the contract between appellant Williams and Mr. and Mrs. James.

If appellant assigned his interest in the Janes contract and in the real property in controversy to Rice under the belief that Rice would complete the payments under the Williams-James contract, it is somewhat strange that nothing to this effect was included either in the assignment from appellant to James Rice or in the acceptance of the assignment by Rice, although both documents were drawn by attorney Bertram D. Janes who testified that he was not aware of any such understanding. We are convinced that there is ample evidence in the record to support the conclusion of the trial court, stated in its memorandum opinion as follows:

''. . . When the original contract with Mrs. Juanita C. Janes was by the plaintiff assigned to James B. Rice and the consent to the same was agreed to by Mrs. Janes and James B. Rice accepted the assignment and agreed to be bound by the agreement—the plaintiff in this suit had no more interest in the property. . . . In view of the Court's belief that James B. Rice did not accept or agree to be bound by the assign-

ment from Biddy James McGeorge the Court can not grant the declaratory relief prayed for by plaintiff, nor can it grant plaintiff any other relief by reason of his action.''

We are unable to agree with appellant that in any event the court should have compensated him for the improvements he made upon the property. There was no showing of any unfair dealing on the part of James Rice. While appellant had made substantial improvements on the property it is also true that he had occupied it for five years during which time he had reduced the principal amount under the original Janes contract less than $800 and was delinquent in his payments at the time of his assignment to James Rice. When he made the assignment to James Rice appellant conveyed all of his interest in the property, including the improvements, and was not entitled to recover any money he had expended in improving the property while he occupied it.

Appellant's arguments are predicated principally upon his construction of the evidence, and appellant disregards the evidence which supports the findings of the trial court. It is for the trial court to resolve the conflicts in the evidence, and we are satisfied that the evidence and the law fully support the judgment.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.